[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION
The 51 year old plaintiff wife has brought this action against the 55 year old defendant husband seeking to dissolve their marriage that took place on July 15, 1988 at Waterbury CT Page 3136 Connecticut, alleging an irretrievable breakdown. The defendant has filed a cross complaint seeking a dissolution on the ground of intolerable cruelty. It was the third marriage for each party.
No child was born to the plaintiff during the marriage. The State of Connecticut never advanced any state assistance to either party. The court finds that the marriage has broken down irretrievably. The court's jurisdiction is founded on the plaintiff's continuous residence in this state for more than one year prior to the commencement to the present suit.
The plaintiff has owned and lived at 215 Jerricho Road, Watertown, Connecticut for the last 28 years. After the parties' marriage, the defendant lived with the plaintiff in her house until April, 1992. The plaintiff commenced this dissolution action by writ served on April 4, 1991. The defendant thereafter left the home for several weeks travelling to New York State to visit his former wife and his father. While there he had sexual relations with his former wife which 46b-40(f) defines as adultery. In order to bring about a reconciliation with the plaintiff, the defendant admitted such in writing, (Plaintiff's Exhibit F). The parties did reconcile until April, 1992 when the plaintiff applied for a restraining order. The defendant had been living in one of the other apartments since February, 1992.
During this relatively short marriage, the parties engaged in a vigorous real estate revamping and remodeling campaign. The defendant owned a cottage on a lake on land he did not own. The parties dismantled it, burned the wood, and used the cabinets, two sliding glass doors, kitchen fixtures, bath fixtures, two windows and a gas furnace from the cottage in furbishing two apartments in the plaintiff's home. A substantial addition was added to the plaintiff's home beginning in 1990 with the foundation. The property slopes down from the street. Utilizing this slope, a two-car garage was constructed on grade facing the street, which the plaintiff used to house her van and her car. There was an older garage at the basement level facing into the yard which the defendant used. Over the new garage was placed the addition to the house. (Defendant's Exhibits #3, #4 and #5). Upon completion, facing the house from the street, there is the original one-story ranch on the right and the new two-story addition to the left, (Defendant's Exhibit #6). Because of the slope, the rear of the original building is elevated so that the basement is above the rear yard grade. Across the back of both the original portion of the house and the addition was built an open deck on the main CT Page 3137 living level with a stairway leading to the ground below, (Defendant's Exhibit #2).
The parties borrowed $30,000 from Connecticut National Bank to pay $10,000 towards defendant's bills, $11,000 to pay for the plaintiff's van and $9,000 for the garage addition. The plaintiff borrowed an additional $6,000 to finish the remodeling.
The plaintiff conducts a business cleaning carpets using steam cleaning equipment installed in her van. She will have the rental income from two apartments in the future.
The defendant had been a building superintendent and during the marriage was also employed as a repairman of trucks and other vehicles at Eagle Auto Body earning $11.00 hourly. The defendant, during the marriage, gave the plaintiff $200 weekly for the household budget.
There was testimony that the improvements added $20,000 to $30,000 to the fair market value of the real estate.
During the marriage the defendant began to abuse alcohol and the defendant directed physical abuse upon the plaintiff after the the plaintiff was ill mannered toward him.
Having reviewed the evidence in light of the statutory criteria, the court enters a judgment dissolving the marriage and the following orders as part of its judgment.
1. The plaintiff shall retain the real estate known as 215 Jerricho Road, Watertown as her sole property free of any claim of the defendant.
2. The defendant shall complete the removal, at his sole expense, of all the building materials, auto parts, miscellaneous goods and debris in the plaintiff's yard[1] by April 30, 1993.
3. The plaintiff shall retain the 1985 Eagle motor vehicle and the 1984 Chevrolet van as her sole property.
4. The defendant shall retain the 1976 Ford pick-up truck, the 1968 Camaro, the 1971 camping trailer, the 1959 Jeep with plow, the 1965 Chevrolet truck with plow, and the 1963 Chevrolet Nova as his sole property. CT Page 3138
5. The plaintiff shall remain solely liable for the Connecticut National Bank loan, and the Sears listed on her financial affidavit.
6. The defendant shall remain solely liable for the liabilities he has listed on his financial affidavit.
7. The plaintiff shall return to the defendant all of his auto body work tools, carpenter tools, table saw, auto door panels, floor jack, small hydraulic jacks, snow plows, three (3 large chain saws, one (1) small chain saw, electric snake, two (2 freestanding ashtrays, and the Quasar stereo system.
8. All remaining personal property on the plaintiff's premises not otherwise disposed of by the foregoing orders shall remain the sole property of the plaintiff.
9. No periodic alimony is awarded.
10. The defendant's cross complaint for dissolution on the ground of intolerable cruelty is dismissed since the defendant admitted adultery during the marriage. He cannot be an innocent party under those circumstances and he cannot therefore claim a decree based on intolerable cruelty. The court finds the defendant's legal argument to the contrary to be unpersuasive.
11. The maiden name Pedroncelli is restored to the plaintiff.
Counsel for the plaintiff is directed to prepare the judgment file within thirty days.
HARRIGAN, J.